UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN D. PUCHNER,

    Petitioner,

    v.                               Case No. 22-C-891

SHERIFF ERIC SEVERSON,

    Respondent.

---

# ORDER

---

    Petitioner John D. Puchner is serving a sentence in the Waukesha County Jail for contempt of court arising out of a family court action pending in that county. On August 4, 2022, Puchner filed this petition pursuant to 28 U.S.C. § 2241 alleging that his current custody is in violation of his rights under the United States Constitution. The Court held a hearing on August 30, 2022, regarding Puchner's ability to proceed *in forma pauperis* and his multiple motions to stay his sentence. Based on Puchner's motion for leave to proceed without prepayment of the filing fee and his assertion at the hearing that he did not have sufficient funds in inmate trust account to pay the filing fee in this action, the Court found Puchner was indigent. Unconvinced that Puchner was entitled to immediate release, the Court denied his motions to stay but indicated that it would screen his petition to determine if it stated grounds for relief. Immediately following the hearing, Puchner filed a motion for reconsideration.

    I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which also applies to cases brought under § 2241. *See Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006). Rule 4 reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.

On March 11, 2022, Puchner was found in contempt in Waukesha County Case No. 2019FA89 and ordered to serve consecutive sentences amounting to 24 months and 14 days in the Waukesha County Jail with Huber privileges. The sentence was stayed until May 10, 2022, to allow Puchner the opportunity to complete purge conditions, including that Puchner enroll in the Children First program through the Waukesha County Child Support Agency and that he obtain and maintain employment commensurate with his education level. On July 1, 2022, the Waukesha County Circuit Court entered an order finding that the deadline for Puchner to comply with the purge conditions expired and that he had not complied with the order. Puchner was ordered to report to the Waukesha County Sheriff's Department to begin serving his contempt sentences. On July 5, 2022, the court issued a bench warrant for Puchner's arrest. Puchner was arrested that day and brought to the Waukesha County Jail for booking. On July 25, 2022, Puchner filed a motion seeking a determination that the purge conditions were met. The circuit court held a hearing on July 26, 2022, and denied Puchner's motion.

Puchner asserts that his state custody and contempt order violate his due process rights of the Fourteenth Amendment. Puchner claims that he did not have a fair hearing regarding the purge conditions. In particular, he alleges that he was not given an opportunity to show his indigency and thus his inability to comply with the court's order. Further, Puchner contends that he was not provided an opportunity to show why he could not purge or that he did purge the conditions. Under Wisconsin law and the Fourteenth Amendment, a petitioner cannot be jailed unless he is "'given the opportunity to show the court that the failure to comply with the purge condition was not willful

and intentional.'" *Puchner v. Kruzicki*, 918 F. Supp. 1271, 1279 (E.D. Wis. 1996) (quoting *State ex. rel. V.J.H. v. C.A.B.*, 163 Wis. 2d 833, 843, 472 N.W.2d 839, 843 (Ct. App. 1991)). Although it appears Puchner was present at the July 26, 2022, hearing where the state court found that he did not meet the purge conditions, the Court is unable to determine from the record if the hearing was sufficient to comply with the due process requirements of the Fourteenth Amendment.

The issue of exhaustion is also unclear at this time. A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 929 F.2d 409, 410 (7th Cir. 1991). Although Puchner's currently pending appeal in the Wisconsin Court of Appeals suggests that his state court remedies have not been exhausted, Puchner maintains that that appeal was not filed with respect to his current custody but a prior order of the Waukesha County Court. Puchner also asserts that he is unable to exhaust his state court remedies because the Wisconsin appellate courts have refused to accept his filings. Yet, previous decisions by this Court have noted that the bar on further filings by Puchner excepts petitions for state habeas corpus as well as challenges to incarceration. *See Puchner v. Severson*, No. 19-c-1737, 2020 WL 2085277 (E.D. Wis. Apr. 30, 2020). Moreover, there is no evidence of any such bar imposed by the Wisconsin Supreme Court, further clouding the issue of whether complete exhaustion of state court remedies has occurred.

**IT IS THEREFORE ORDERED** that Puchner's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within 21 days of the date of this order, Respondent shall file a response to the petition, complying with Rule 5 of the Rules Governing § 2554 Cases, and showing cause, if any, why the writ should not issue. Along with the other parts of the record

Respondent finds relevant, the response should include the transcripts of the March 11, 2022, July 5, 2022, and July 26, 2022, hearings.

**IT IS FURTHER ORDERED** that Puchner's motion for reconsideration (Dkt. No. 20) is **DENIED** for the reasons set forth at the August 30, 2022 hearing.

Dated at Green Bay, Wisconsin this 30th day of August, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
