UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN D. PUCHNER,

        Petitioner,

        v.                                  Case No. 22-C-891

SHERIFF ERIC SEVERSON,

        Respondent.

---

## DECISION AND ORDER

---

Petitioner John D. Puchner is serving a sentence in the Waukesha County Jail for contempt of court arising out of a family court action pending in that county. In March 2022, Puchner was found in contempt in Waukesha County Case No. 2019FA89 and ordered to serve consecutive sentences amounting to 24 months and 14 days in the Waukesha County Jail with Huber privileges. Judgment was entered on March 28, 2022. Although the sentence was stayed to allow Puchner to complete purge conditions, the court ultimately found that Puncher failed to comply with the purge conditions and the court's order, and Puchner began serving his sentence in July 2022.

On August 4, 2022, Puchner filed this petition pursuant to 28 U.S.C. § 2241, alleging that his current custody violates his rights under the United States Constitution. The Court held a hearing on August 30, 2022, regarding Puchner's ability to proceed *in forma pauperis* and his multiple motions to stay his sentence. Based on Puchner's motion for leave to proceed without prepayment of the filing fee and his assertion that he did not have sufficient funds in his inmate trust account to pay the filing fee for the action, the Court found Puchner indigent. But unconvinced that Puchner was entitled to immediate release, the Court denied his motions to stay.

Immediately following the hearing, Puchner filed a motion for reconsideration. That same day, the Court screened Puchner's petition and allowed him to proceed on his claim that his state custody and the contempt order violate his due process rights of the Fourteenth Amendment. The Court nevertheless indicated that the issue of exhaustion was unclear and directed Respondent to respond to the petition and show cause, if any, why the writ should not issue. It also denied Puchner's motion for reconsideration for the reasons set forth at the hearing. On September 12, 2022, Respondent filed a motion to dismiss, arguing that Puchner has failed to exhaust his state court remedies. Puchner has also filed multiple motions to stay, for reconsideration, and for other relief. For the reasons that follow, Respondent's motion to dismiss will be granted and the case dismissed.

As an initial matter, the Court construes Puchner's § 2241 petition as a habeas petition filed pursuant to 28 U.S.C. § 2254 because Puchner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991); 28 U.S.C. § 2254(b)(1)(A). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982).

In March 2022, Puchner was found in contempt in Waukesha County Case No. 2019FA89 and ordered to serve consecutive sentences amounting to 24 months and 14 days in the Waukesha County Jail with Huber privileges. Judgment was entered on March 28, 2022. The sentence was stayed until May 10, 2022, to allow Puchner the opportunity to complete purge conditions, including that Puchner enroll in the Children First program through the Waukesha County Child

Support Agency and that he obtain and maintain employment commensurate with his education level. On April 4, 2022, in two separate orders, the Waukesha County Circuit Court denied Puchner's motions for reconsideration and to clarify the order. On May 11, 2022, the court extended the purge deadline to June 30, 2022. On July 1, 2022, the court entered an order finding that the deadline for Puchner to comply with the purge conditions expired and that he had not complied with the order. Puchner was ordered to report to the Waukesha County Sheriff's Department to begin serving his contempt sentences. On July 5, 2022, the court issued a bench warrant for Puchner's arrest. Puchner was arrested that day and brought to the Waukesha County Jail for booking. On July 25, 2022, Puchner filed a motion seeking a determination that the purge conditions were met. The court held a hearing on July 26, 2022, and denied Puchner's motion. On July 27, 2022, the court denied Puchner's request to stay his Huber sentences.

On August 3, 2022, Puchner filed a notice of appeal in his family court action. In his notice of appeal, Puchner indicated that he was appealing "all orders of the court in the above captioned case including: 7-27-22, the 'hearing' order of 7-26-22, the 'arrest' orders of 7-1-22, 5-11-22, and 2 orders from 4-4-22." Dkt. No. 30-1. On September 7, 2022, the Wisconsin Court of Appeals issued an order noting that the August 3, 2022, notice of appeal was not timely with regard to the April 4, 2022 orders. *Puchner v. Puchner*, Case No. 2022AP1318 (Wis. Ct. App. Sept. 7, 2022), Dkt. No. 30-2 at 1. Puchner's appeal as it relates to the May 11, 2022, July 1, 2022, July 26, 2022, and July 27, 2022 orders remains pending. The Court of Appeals has extended the time for Puchner to request appropriate transcripts to pursue that appeal and file a statement on transcripts to October 19, 2022. *Id.*

Puchner asserts that he has exhausted his state court remedies because the Wisconsin Supreme Court denied his motions for a stay on September 13, 2022. *See* Dkt. No. 33 at 4.

3

Although the Wisconsin Supreme Court denied his motions for a stay, Puchner's appeal challenging his sentence in the Waukesha County Jail for civil contempt is still ongoing. In other words, Puchner has not fully exhausted the state court remedies available to him.

Although an unexhausted petition "must be denied without considering the merits," *Dressler*, 238 F.3d at 912, the Court is troubled by this case. It appears the circuit court may have confused civil and criminal contempt. Criminal and civil contempt are often difficult to distinguish:

> The purpose of civil contempt is remedial or compensatory, while the purpose of criminal contempt is punitive. A contempt proceeding is civil if its purpose is to coerce persons into doing what they are supposed to do. In contrast, if the purpose is to vindicate the authority of the court by punishing the wrongdoer, the proceeding is for criminal contempt. . . . [T]he same sanctions (i.e., a fine and imprisonment) are imposed for civil contempt as well as criminal contempt, but in the former instance they are employed as coercive sanctions to compel the contemnor to do what the law made it his duty to do. The relief granted in civil contempt proceedings is compensatory or conditional. The party found to be in civil contempt carries, in the classic phrase, the "keys to his prison," and any punishment must end when the contempt is purged. Likewise, if the relief given is conditional, the proceeding must be regarded as civil regardless of how it may have been described earlier. Because the justification of imprisonment for civil contempt is to induce compliance with the court's order, the defendant can no longer be confined after compliance becomes impossible. When it becomes obvious that sanctions for contempt are not going to compel compliance, they lose their remedial characteristics, and take on more of a punitive nature.

WRIGHT & MILLER FED. PRAC. & PROC. § 703. Ultimately, the circuit court imposed multiple sentences totaling more than two years, as opposed to a sanction subject to purge conditions. Dkt. No. 18-1. Sentences are hallmarks of criminal proceedings. To impose such a sentence without the right to a trial by jury and to counsel would seem to clearly violate the Sixth and Fourteenth Amendments. But because Puchner has failed to exhaust his state court remedies, this Court is barred from affording any relief. The state courts are nevertheless urged to carefully review Puchner's claims.

As a final matter, the Court will address Puchner's motions. Puchner requests that the Court immediately transfer this case to the Western District of Wisconsin. A court may transfer an action to another district "where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Respondent has not consented to the transfer, and Puchner has not established that the Western District of Wisconsin is a proper venue for this action. Therefore, Puchner's motion to transfer is denied. Puchner filed a motion to supplement the record with evidence to support his argument that he exhausted his state court remedies. Puchner's motion to add evidence is granted. Puchner also requested that the Court transfer his state family court action to Milwaukee County. This Court does not have the authority to transfer state court actions to different counties, so that motion is denied.

Puchner has filed numerous motions for reconsideration of the Court's decision denying his request to stay his sentence and motions to stay. Puchner's motions merely assert arguments previously presented to the Court and do not offer any other factual or legal argument that convinces the Court that its August 30, 2022 decision was in error. Accordingly, Puchner's motions for reconsideration and motions to stay are denied for the reasons set forth at the August 30, 2022 hearing.

Puchner filed a motion requesting that the Court hold Respondent's counsel in contempt for failing to provide copies of the transcript's from the Waukesha County Circuit Court's March 11, 2022, July 5, 2022, and July 25, 2022 hearings. But the Court only ordered Respondent to produce the transcripts in the event Respondent filed a response to the merits of Puchner's petition. Because the transcripts were not necessary for the resolution of Respondent's motion to dismiss on the issue of exhaustion, Respondent did not violate a court order by not providing them.

Therefore, this motion is denied. Puchner's motions to add transcripts and send documents and for an emergency hearing are denied as moot.

For these reasons, Respondent's motion to dismiss (Dkt. No. 29) is **GRANTED**. Puchner's motion to add evidence (Dkt. No. 33) is **GRANTED**. Puchner's motion for an immediate transfer of this case to the Western District of Wisconsin (Dkt. No. 35), motion for an injunction to transfer his state family court action to Milwaukee County (Dkt. No. 34), motion for contempt (Dkt. No. 32), motions for reconsideration (Dkt. Nos. 26, 31 & 35), and motions to stay (Dkt. Nos. 26, 28, 31–35) are **DENIED**. Puchner's motion to add transcripts and send documents (Dkt. No. 26 & 34) and motion for an emergency hearing (Dkt. No. 31) are **DENIED as moot**. This case is **DISMISSED without prejudice** based on Puchner's failure to exhaust state court remedies. The Clerk is directed to enter judgment accordingly. A certificate of appealability is denied. The Court concludes that reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED** at Green Bay, Wisconsin this 29th day of September, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge